UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Eric Sapir | Mandana Massoumi | |

**Proceedings:**     **(In Chambers:)** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. #25, filed June 16, 2014)

## I. INTRODUCTION

Plaintiff Jennifer Avina filed this action in Los Angeles County Superior Court on August 6, 2013, against defendants Target Corporation ("Target") and Tony Costanzo. Dkt. #1. Plaintiff voluntarily dismissed defendant Costanzo on September 11, 2013. Id. The complaint asserts claims for: (1) discriminatory failure to hire due to a disability, in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, et seq.; (2) employment discrimination based on a disability; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. In brief, plaintiff contends that Target discriminated against her on the basis of disability by failing to hire her for an Executive Team Leader ("ETL") position.

Target filed a motion for summary judgment on June 16, 2014. Dkt. #25. Plaintiff filed an opposition on June 23, 2014, dkt. #31, and Target replied on June 30, 2014, dkt. #35. The Court held a hearing on July 18, 2014, and thereafter took this matter under submission. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The parties dispute the relevant facts. Here, the Court sets forth a brief summary of the parties' contentions. Plaintiff asserts that she suffers from a stuttering disability. Avina Decl. ¶ 2. Plaintiff states that, in or about April 2013, she applied over the internet for an ETL position with Target. Avina Dep. 116: 9-14; Avina Decl. ¶ 3. In May 2013,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

plaintiff participated in two rounds of interviews for the ETL position. Id. ¶¶ 5-6. On June 5, 2013, plaintiff participated in a third interview, which was conducted by a Target employee named Tony Costanzo. Id. ¶ 7. Plaintiff states that, at the outset of the interview, she informed Costanzo that she has a stutter, and therefore might occasionally pause in her speech or repeat words. Id. According to plaintiff, Costanzo replied, "Don't worry. Just know that I have to be somewhere at 7:00 p.m.," and then started laughing. Id. Plaintiff states that Costanzo then proceeded to ask plaintiff the questions set forth in Target's standard interview guide, see id. Ex. E, but skipped question 3C, id. ¶ 7. Question 3C states, "Describe the last time you offered to bring up an issue that your peers were not confident in taking to the team or project leader." Id. Ex. E. As a result of Costanzo skipping this question, plaintiff did not receive any points from that question when Costanzo tabulated her total score for the interview. Id. Plaintiff asserts that, after this interview, she received an from Target notifying her that Target had "decided to pursue other candidates" for the ETL position. Id. ¶ 12, Ex. F. Plaintiff contends that Target discriminated against her on the basis of her stuttering disability by failing to hire her for an ETL position.

Defendants contend that there were no open ETL positions at the time that plaintiff applied, and even if there were, plaintiff lacked the requisite qualifications to be hired as an ETL. Defendant's Statement of Uncontroverted Material Facts ("DSUMF") ¶¶ 1, 7-9, 24-25. Thus, according to Target, its failure to hire plaintiff was not the result of discrimination.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

"conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

IV.     DISCUSSION

    A.     Evidentiary Objections

        1.     Plaintiff's Declaration

Target objects to the vast majority of the statements in plaintiff's declaration on the grounds that they are vague, lack foundation, lack personal knowledge, constitute hearsay, and are irrelevant. The Court has reviewed these objections, and OVERRULES them as to the portions of plaintiff's declaration cited herein. The portions of plaintiff's declaration cited herein are sufficiently specific, are based on a proper foundation, and appear to be based on personal knowledge based on the context in which they are made. Additionally, the statements are not hearsay because they are either not out-of-court statements offered to prove the truth of the matter asserted, or are statements of a party opponent or its agent, Tony Costanzo. See Fed. R. Evid. 801(2). Finally, the statements are relevant because they are probative of facts that bear on whether Target is liable for employment discrimination, intentional infliction of emotional distress, or negligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                               'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

Target also objects to paragraphs 14 and 23 of plaintiff's declaration on the grounds that they contradict plaintiff's prior deposition testimony, and are therefore inadmissible under the "sham affidavit rule." Regarding paragraph 14, Target argues that the Court should strike plaintiff's assertion that she "was very depressed, embarrassed, anxious, and shameful," and that she "felt discouraged to apply for employment positions elsewhere" and that "these feelings and symptoms continued for months." In this regard, Target argues that this assertion contradicts plaintiff's deposition testimony that she felt discouraged from applying for jobs for "about two months." See Avina Dep. at 307:5-15. Regarding paragraph 23, Target argues that the Court should strike plaintiff's assertion in her declaration that the ETL position called for a "[c]ollege degree or equivalent experience (blend of college and leadership experience totaling four years)" because plaintiff previously admitted in a deposition that the ETL position called specifically for a college degree, and made no mention of the alternative "blend of college and leadership experience." The Court finds that neither of these paragraphs should be stricken because the inconsistency between plaintiff's declaration and her deposition testimony is not sufficiently "clear and unambiguous." See Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998-99 (9th Cir. 2009) (noting that "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony" (quoting Mezzick v. Horizon Indus., 62 F.3d 1227, 1231 (9th Cir. 1995))). Target's objections to plaintiff's statements in her declaration are otherwise OVERRULED AS MOOT because the Court does not rely on the objected-to evidence in concluding that the record raises genuine disputes of material fact.[1]

        2.        Documents Appended to Plaintiff's Declaration

Target objects to Exhibits B, E, F, and I of plaintiff's declaration on the grounds that they lack proper authentication. These objections are OVERRULED because plaintiff's declaration, which identifies and describes each of these exhibits, provides sufficient evidence "to support a finding that the [exhibits are] what [plaintiff] claims" them to be. See Fed. R. Evid. 901(a). Target also objects to Exhibits E, F, and I on the grounds that they are not the best evidence of their contents, pursuant to Federal Rules of Evidence 1002 and 1004. These objections are OVERRULED because a "duplicate is

---

[1] However, in Section II(A) above, the Court cites other portions of plaintiff's declaration solely for the purpose of providing background.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

admissible to the same extent as the original unless a genuine question is raised about the original's authenticity of the circumstances make it unfair to admit the duplicate." See Fed. R. Evid. 1003. Here, no genuine question exists as to the authenticity of the original versions of any of these documents, and under these circumstances, it is not unfair to admit duplicates. See id. Additionally, Target's objections to other documents appended to plaintiff's declaration are OVERRULED AS MOOT because the Court does not rely on the objected-to evidence in concluding that the record raises genuine disputes of material fact.

        3.      Other Evidentiary Objections

Defendant raises several evidentiary objections to other evidence provided by plaintiff, such as the declaration of Eric Sapir. Similarly, plaintiff raises several evidentiary objections to evidence provided by Target. These objections are OVERRULED AS MOOT because the Court does not rely on the objected-to evidence in concluding that the record raises genuine disputes of material fact.[2]

    **B.**    **Plaintiff's Claims for Employment Discrimination Based on Disability**

California has adopted the three-stage burden shifting test set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 354 (2000). Once the plaintiff has made a prima facie showing of employment discrimination, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action." Deschene v. Pinole Point Steel Co., 76 Cal. App. 4th 33, 44 (1999). If the employer offers such a reason, "plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which

---

    [2] As with portions of plaintiff's declaration, however, the Court cites certain evidence provided by Target in Section II(A), solely for the purpose of providing background.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

would permit a reasonable trier of fact to conclude the employer intentionally discriminated." Id.[3]

    1.    Plaintiff's Prima Facie Case

To establish a prima facie case of disability discrimination based on a failure to hire, a plaintiff must provide the following evidence: (1) she suffers from a disability; (2) she was qualified for the position that she sought; (3) she was denied an available job; and (4) evidence of some other circumstance suggesting a discriminatory motive.[4] Guz, 24 Cal. 4th at 355; Day v. Sears Holdings Corp., 930 F. Supp. 2d 1146, 1161 (C.D. Cal. 2013); Schmidt v. City of San Jose, 2002 WL 31248866, at *11 (Cal. Ct. App. Oct. 7, 2002); Hon. Ming W. Chin, et al., Rutter Group: Cal. Practice Guide Emp't Litig. § 7:395 (2013).

---

[3] At oral argument Target's counsel argued that, even under a "mixed-motive" theory, plaintiff had not demonstrated a genuine dispute of material fact as to whether Target's failure to hire her was the result of discrimination. The Court disagrees. Under the "mixed-motive" model, a plaintiff may prevail on a FEHA claim by proving that "discrimination was a substantial factor motivating a particular employment decision," even if the decision was also based on non-discriminatory criteria. Harris v. City of Santa Monica, 56 Cal. 4th 203, 232 (2013); see also Univ. of Tex. Sw. Med. Ctr., 133 S. Ct. 2517, 2538 (2013) (Ginsburg, J., dissenting). As set forth herein, genuine disputes of material fact exist as to whether Target's failure to hire plaintiff was a result of disability discrimination. This same evidence also raises genuine disputes of material fact as to whether discrimination, was a "substantial motivating factor" (although not the sole factor) in Target's decision not to hire plaintiff.

[4] Plaintiff's complaint asserts two separate claims for disability-based discrimination: one claim for "discriminatory failure to hire due to disability" in violation of FEHA, and one claim for "employment discrimination—disability." Compl. ¶¶ 21-38. However, both parties address these two claims as a single unit. Since these claims involve the same evidence and are comprised of the same elements, the Court analyzes these claims together, in Section IV(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

      Here, the parties do not appear to dispute that plaintiff has a stuttering condition, and that this constitutes a disability. Accordingly, the Court turns to the question of whether plaintiff was qualified for the position. In this regard, plaintiff provides evidence that she was qualified for the Executive Team Leader in Training ("ETL") position. Plaintiff asserts that the position called for a "[c]ollege degree or equivalent experience (blend of college and leadership experience totaling four years)." Avina Decl. ¶ 23, Ex. I. Plaintiff also asserts that, at the time that she applied for the ETL position, she provided her resume. Avina Decl. Ex. B. Plaintiff's resume states that she anticipated completing her Bachelor of Science degree in health care administration from California State University, Long Beach in May 2013. Id. Her resume also states that she had been serving as a chapter leader of the National Stuttering Association beginning in April 2012. Id. Viewing this evidence in the light most favorable to plaintiff, a jury could reasonably conclude that plaintiff possessed a blend of college and leadership experience totaling four years at the time that she applied for, and interviewed for, the ETL position in 2013. Thus, a genuine issue of material fact exists as to whether plaintiff was qualified for the ETL position. In response, Target contends that plaintiff was not qualified because she lacked substantial managerial experience, particularly in the retail industry. Mot. Summ. J. at 12-13. This argument fails because nothing in the ETL job posting calls for such experience. See Avina Decl. Ex. I.

      The Court next considers whether Target denied plaintiff an available job. Target contends that plaintiff cannot establish this element of her prima facie case because no ETL job openings existed at the time that she was interviewed. In particular, Target asserts that plaintiff applied for an ETL position within Target's "District 207," which contains nine Target stores, identified as "Cerritos, Cerritos West, Cypress, Lakewood, Long Beach, Long Beach NW, Seal Beach, Signal Hill, and Westminster." DSUMF ¶ 2. Target further asserts that, in June 2013, there were no open ETL positions in that district. Id. ¶ 1. Target states that two individuals were hired for ETL positions in 2013, but that they were selected in or around March 2013, and that no open positions remained by the time plaintiff completed the interview process in June 2013. Id. ¶¶ 1, 7.

      Plaintiff's response is twofold. First, plaintiff asserts that she applied for a position in stores in Orange and San Diego Counties, and that her application was therefore not confined to District 207, which contains stores located in Los Angeles County and Orange County. In support of this assertion, plaintiff provides an email dated June 11, 2013, which she received from Target after her interviews, which states, "[w]e appreciate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

the time you took to speak with us concerning the Executive Team Leader in Training (CA-Orange and San Diego Counties) position." Avina Decl. Ex. F. Based on this evidence, a jury could reasonably conclude that positions were available elsewhere within the region for which plaintiff applied for an ETL position, such as at Target stores in San Diego County, even if no positions were available in District 207. Second, that same email states that, "at this time, [Target has] decided to pursue other candidates." Id. A jury could find that this statement demonstrates that Target was actively seeking other candidates to fill ETL positions as of June 2013. For these reasons, the Court finds that the statements contained in this email raise genuine issues of material fact as to whether plaintiff was denied an available job.

Regarding evidence of "other circumstance[s] suggest[ing] discriminatory motive," see Day, 930 F. Supp. 2d at 1161, plaintiff provides evidence that Costanzo also joked during plaintiff's interview that he "ha[d] to be somewhere at 7:00 p.m." after plaintiff informed Costanzo of her stutter. Avina Decl. ¶ 7. This remark constitutes evidence that Costanzo acted with a discriminatory motive. See, e.g., Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir. 1995) (noting that discriminatory or derogatory remarks may support inference of discriminatory motive). Plaintiff also provides the interview questionnaire completed by Costanzo during plaintiff's interview, which was used to rate plaintiff's strength as a candidate. Avina Decl. Ex. E. The questionnaire's instruction sheet directs the interviewer to rate the candidate in "each category." Id. at 2. Costanzo did not ask plaintiff one of the questions in the questionnaire, which resulted in her receiving a score of zero points on that question. Id. at 6. A jury could reasonably find that this deviation from standard interview procedure also shows that Costanzo acted with a discriminatory motive. Cf. Johnson v. Lehman, 679 F.2d 918, 922 (D.C. Cir. 1982) ("Surely, the adherence to or departure from internal hiring procedures is a factor that the trier of fact may deem probative and choose to consider in determining the true motivation behind the hiring decision of the prospective employer.").[5]

---

[5] Target provides evidence that, after notifying plaintiff that she was not selected for an ETL position, it offered her a more junior position as a Senior Team Leader ("STL"). According to Target, this position was more suited to plaintiff's qualifications. In response, plaintiff provides evidence that she did not receive this offer until July 2013, at which point she had already received a right-to-sue letter from the Department of Fair Employment and Housing, and had notified Target via a letter dated June 24, 2013, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

Accordingly, the Court concludes that the record raises genuine issues of material fact as to whether plaintiff has established a prima facie case of disability discrimination based on Target's failure to hire her for an ETL position. The Court next considers whether Target has offered a legitimate non-discriminatory reason why plaintiff was not hired.

    2.    Target's Proffered Reasons for not Hiring Plaintiff

Target contends that, even if plaintiff has established a prima facie case of employment discrimination, Target had legitimate, non-discriminatory reasons for not hiring plaintiff. Specifically, Target states that it did not hire plaintiff because she lacked retail, management, and supervisory experience, and lacked the necessary academic credentials. DSUMF ¶¶ 23-28.[6] Target further asserts that two people were selected for

---

she had retained counsel. Avina Decl. ¶ 13. This evidence raises a genuine issue of material fact as to whether Target's offer of an STL position was a bona fide job offer, or was merely an attempt to forestall litigation. Moreover, even if Target's offer of an STL position were genuine, a jury could still conclude that Target's failure to hire plaintiff for a different position—the ETL position for which she applied—was the result of a discriminatory motive.

    [6] At oral argument, Target asserted that paragraphs 23-28 of Target's Statement of Uncontroverted Material Facts ("DSUMF") contains sufficient undisputed facts to demonstrate that plaintiff was not qualified for the ETL position, and that Target therefore did not discriminate against plaintiff by failing to hire her. The Court disagrees. According to paragraphs 23-28, it is undisputed that plaintiff recognized that <u>supervisory or managerial experience</u> was necessary for the ETL position, and that her resume listed no <u>retail</u> experience. DSUMF ¶¶ 23-28. Neither of these facts, however, conclusively establishes that plaintiff was not qualified for the ETL position. As stated herein, plaintiff provides evidence that she had supervisory or managerial experience by virtue of serving as a chapter leader for the National Stuttering Association. Plaintiff also provides evidence that the job listing for the ETL position contained no requirement that the applicant have retail experience. <u>See</u> Avina Decl. ¶ 23, Ex. I. Thus, notwithstanding the undisputed facts contained in paragraphs 23-28 of the DSUMF, genuine issues of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

ETL positions in District 207 in or about March 2013, and that both of these people were substantially more qualified than plaintiff. DSUMF ¶¶ 7-9. Target asserts that one of the selected candidates was a 13-year Target employee who received "outstanding" performance evaluations three years in a row, and that the other was filled by a recruit with two years' experience as a supervisor at Subway, significant management experience during college, and one year's experience working as a purchasing assistant at Azusa University. DSUMF ¶¶ 8-9. Finally, as stated above, Target asserts that these individuals were selected in or about March 2013, such that by the time plaintiff completed the interview process, no positions were available. DSUMF ¶¶ 1, 7.

These two proffered non-discriminatory reasons, namely that: (1) no positions were available by the time plaintiff completed the interview process, and (2) the two people that were hired for the positions (before plaintiff completed the interview process) were substantially more qualified than plaintiff, could, in general, constitute legitimate non-discriminatory reasons for failing to hire plaintiff. Cf. Barefield v. Bd. of Trustees of Cal. State Univ., 500 F. Supp. 2d 1244, 1261 (E.D. Cal. 2007) (finding that employer's explanation that the plaintiff was "not among the five most qualified" candidates constituted non-discriminatory reason for failure to promote). Here, however, Target's reasons are based on disputed facts as to whether plaintiff's application was confined to District 207, or whether it spanned all of Orange and San Diego Counties. Target's proffered explanation, which is focused solely on stores in District 207, fails to address whether positions were available in Orange or San Diego Counties, and if so, the qualifications of the persons hired to fill those positions. Accordingly, "it is not appropriate to shift the burden back to Plaintiff to establish pretext" because Target's proffered reasons do not directly answer plaintiff's assertion that Target discriminated against her by failing to hire her for an ETL position in Orange and San Diego Counties. See Brandon v. Rite Aid Corp., Inc., 408 F. Supp. 2d 964, 980 (E.D. Cal. 2006); see also Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000) ("[A] disparate treatment plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reasons.").

---

material fact exist as to whether plaintiff was qualified for an ETL position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

       3.      Evidence of Pretext

     Alternatively, even if Target's proffered non-discriminatory reasons were based on undisputed facts, the Court finds that the record raises a genuine dispute of material fact as to whether Target's failure to hire her was pretextual. In this regard, to support a finding of pretext, "the [plaintiff] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted nondiscriminatory reasons." Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 314 (2010) (citations and alterations omitted); see also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133. First, for the reasons set forth above, there exists a genuine factual dispute as to whether plaintiff applied for an ETL position in Orange and San Diego Counties, or in District 207. See Sandell, 188 Cal. App. 4th at 314. Additionally, Costanzo's response regarding plaintiff's stutter, when "considered in conjunction with other circumstantial evidence" such as his failure to score plaintiff on one of the standard interview questions, also creates a genuine issue of material fact regarding pretext. See Reid v. Google, Inc., 50 Cal. 4th 512, 541 (2010) ("Although stray remarks may not have strong probative value when viewed in isolation, they may corroborate direct evidence of discrimination or gain significance in conjunction with other circumstantial evidence.").

       4.      Defenses

     Target contends that the doctrines of unclean hands and after-acquired evidence should preclude plaintiff from prevailing on her discrimination claims. In particular, Target asserts that plaintiff did not obtain her bachelor's degree in May 2013, as stated in her resume, and that she failed to inform Target of this fact during the interview process. This argument fails because the California Supreme Court has recently held that neither of these doctrines constitute a complete defense to claims of employment discrimination under FEHA. See Salas v. Sierra Chemical Co., --- P.3d ---, 2014 WL 2883878, at *12-15 (Cal. June 26, 2014) (noting that, "to allow . . . after-acquired evidence to be a complete defense would eviscerate the public policies embodies in the FEHA by allowing an employer to engage in invidious employment discrimination with total impunity" and that "unclean hands may not . . . be used to wholly defeat a claim based on a public policy expressed by the Legislature in a statute"). Rather, these defenses are applicable only in determining the particular remedies available to a plaintiff employee (or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

prospective employee). See id. Accordingly, Target's arguments regarding after-acquired evidence and unclean hands are better addressed after a conclusive determination has been reached as to liability. Cf. Duff-Brown v. City and County of San Francisco, 2013 WL 163530, at *7 (N.D. Cal. Jan. 15, 2013) ("Because the Court has denied summary judgment as to liability, it need not rule on damages at this time."); Absher Const. Co. v. N. Pac. Ins., 861 F. Supp. 2d 1236, 1254 n.10 (W.D. Wash. 2012) (same).

Thus, for the reasons set forth above, the Court concludes that the record raises genuine disputes of material fact as to whether Target's failure to hire plaintiff for an ETL position was a result of disability-based discrimination. Accordingly, summary judgment on plaintiff's claims for employment discrimination is not warranted.

### C. Plaintiff's Claims for Infliction of Emotional Distress

Plaintiff asserts claims for intentional and negligent infliction of emotional distress. The tort of intentional infliction of emotional distress consists of: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); see also Dove v. PNS Stores, Inc., 982 F. Supp. 1420, 1424 (C.D. Cal. 1997). Plaintiff asserts that, as a result of Target's conduct, she became "depressed, embarrassed, anxious, and shameful." Avina Decl. ¶ 14. She further asserts that these feelings continued for "months." Id. The Court finds that these assertions are sufficient to create a genuine dispute of material fact as to whether plaintiff has suffered "severe or extreme emotional distress" as a result of Target's conduct. See Christensen, 54 Cal. 3d at 903. Moreover, a jury could reasonably find that Target's conduct, particularly some of Costanzo's statements during plaintiff's interview, constituted "extreme and outrageous conduct." See id. Accordingly, the Court finds that summary judgment should be denied as to plaintiff's claim for intentional infliction of emotional distress.[7]

---

[7] Target argues that plaintiff's claim for intentional infliction of emotional distress fails as a matter of law because she did not seek medical or psychiatric treatment for the harm allegedly caused by Target. This argument fails because a prima facie case for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

Regarding negligent infliction of emotional distress, Target does not advance any additional arguments as to why summary judgment should be granted on this claim. Therefore, the Court also denies summary judgment as to plaintiff's claim for negligent infliction of emotional distress.[8]

### E.     Punitive Damages

Under California law, punitive damages are available if the plaintiff proves by clear and convincing evidence that the "defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. Punitive damages are available for violations of FEHA, see Myers v. Trendwest Resorts, Inc., 148 Cal. App. 4th 1403, 1435 (2007), as well as claims based on the infliction of emotional distress, e.g., Miller v. Fairchild Industries, Inc., 885 F.2d 498, 511 (9th Cir. 1989); Aquino v. Superior Court, 21 Cal. App. 4th 847, 856-57 (1993). However, the California Civil Code imposes additional limitations on the availability of punitive damages against a corporation based on the actions of an employee, as follows:

> An employer shall not be liable for [punitive damages] based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

---

intentional infliction of emotional distress contains no requirement that the alleged victim seek treatment for his or her distress. See 5 Witkin, Summ. Cal. Law Torts §§ 449-54 (10th ed. 2005).

[8] The Court notes, however, that the "negligent causing of emotional distress is not an independent tort but the tort of negligence." Marlene F. v. Affiliated Psychiatric Med. Clinic, 48 Cal. 3d 583, 588 (1989) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

Cal. Civ. Code § 3294(b).  The California Supreme Court has interpreted "managing agent" to include "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy."  White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999).

 Target first argues that punitive damages are unavailable as a matter of law because: (1) there are no individual defendants in this action; and (2) Costanzo, the Target employee who allegedly committed the complained-of acts, is not an officer, director, or managing agent of Target.  This argument fails because Costanzo states in his declaration that, at the time of plaintiff's interview, he worked as a District Team Leader ("DTL") for District 207.  Costanzo Decl. ¶ 3.  Costanzo further states that, as a DTL, he "was generally responsible for overseeing all business and operational matters related to the stores in [his] district, including overseeing sales performance, management, staffing and supervision and all other operational matters related to the stores in [his] district, including the managers working in those stores."  Id.  The Court finds that this evidence is sufficient to create a genuine dispute of material fact as to whether Costanzo was a "managing agent" during the relevant time period, such that Target is liable for punitive damages based on Costanzo's actions.  See White, 21 Cal. 4th at 566-67 (finding that "zone manager" was managing agent based on evidence that she was "responsible for managing eight retail stores" and that she bore "most, if not all, of the responsibility for running [those] stores" and that punitive damages award against corporation could therefore be sustained based on the zone manager's conduct).

 Next, Target argues that, even if Costanzo is a managing agent, his actions are not indicative of "oppression, fraud, or malice."  The Court finds this argument unpersuasive. If a jury concludes that Target's decision not to hire plaintiff was discriminatory, it could likewise conclude that this decision—as made by Costanzo—displayed a "willful and conscious disregard" of plaintiff's right to be free from invidious employment discrimination.  Cf. Riordan v. Fed. Express Corp., 2008 WL 3166524, at *20 (E.D. Cal. Aug. 4, 2008) (denying summary judgment as to punitive damages in action for employment discrimination based on evidence that employer did not accommodate employees with disabilities).  Similarly, plaintiff's claim for intentional infliction of emotional distress could give rise to an award of punitive damages.  See, e.g., Heller v. Pillsbury Madison & Sutro, 50 Cal. App. 4th 1367, 1390 (1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| Case No. | 2:13-cv-07546-CAS(JCx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | JENNIFER AVINA V. TARGET CORP. ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, Target's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 25 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |